## THE TRANSFER NO. 15.

(Circuit Court of Appeals, Second Circuit. April 17, 1906.)

### No. 212.

1. COLLISION—INSPECTORS' RULES—CROSS-SIGNALS.

Inspectors' rule No. 3, prohibiting the giving of cross-signals when vessels are approaching each other from opposite directions, does not apply to vessels on crossing courses, nor have inspectors power to make rules which would deprive a vessel of a right given her by the statutory navigation rules.

2. SAME—STEAM VESSELS CROSSING—VIOLATION OF RULES.

A tug *held* solely in fault for a collision between her tow, a car float on her starboard side, and a steamship, where the two approached each other on crossing courses, and the tug, having the steamship on her starboard hand, persisted in crossing ahead without having obtained the consent of the other vessel.

Appeal from the District Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decree of the District Court, Southern District of New York, holding the tug solely responsible for damages resulting from a collision between a car float which she had in tow and libelant's steamer City of Atlanta.

Henry G. Ward, for appellant.

Clarence S. Haight, for appellee.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

PER CURIAM. We fully concur in the findings and conclusions of the district judge, and do not think it necessary to add anything to his comments upon disposing of the case except in a minor particular.

It is suggested that the tug had no business to give a cross-signal, such suggestion being apparently with reference to the inspectors' rule forbidding the use of such signals. That rule (rule III, as amended January 25, 1899) is by its terms restricted to "vessels approaching each other from opposite directions," and does not cover vessels on crossing courses, as these were, where under the steering and sailing rules one is burdened and the other privileged. There is nothing which forbids either of such vessels, while still at a safe distance ·from the other, to propose a modification of some indicated maneuver. Moreover, as we pointed out in The John King, 49 Fed. 469, 1 C. C. A. 319, when under the steering and sailing rules a vessel has the right to make a particular maneuver, she cannot be deprived of such right by any rule of the inspector forbidding her to sound a signal which would indicate her intention to make that particular maneuver. The power of the inspector to make rules is restricted to such as are "not inconsistent with the provisions of [the] Act of June 7, 1897, c. 4, 30 Stat. 96 [U. S. Comp. St. ·1901, p. 2875]," adopting regulations for preventing collisions upon harbors and inland waters. See section 2 of that act (30 Stat. 102 [U. S. Comp. St. 1901, p. 2884]).

Irrespective, however, of any questions as to what signals she blew and when, the tug had the steamer on her starboard hand, and there was nothing in the circumstances of the case which prevented the application of articles 19 and 22. She was clearly in fault for proceeding to cross the bows of the steamer without first having, while at a safe distance, obtained the latter's assent to such navigation. The persistent advance of the tug beyond the safety limit, sounding signals which indicated an intention to continue such advance, was a sufficient indication to the privileged vessel to warrant her in stopping and reversing. Our impression from an examination of the record is that if she had maintained her course and speed to the end she would have cut down the starboard car float.

The decree is affirmed, with interest and costs.